A CERTIFIED TRUE COPY

JAN 2 6 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 6 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1724

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE VIAGRA PRODUCTS LIABILITY LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of seven actions pending in seven federal districts and listed on the attached Schedule A.[1] Before the Panel is a motion by the plaintiffs in the Southern District of Florida and the Southern District of Texas actions, pursuant to 28 U.S.C. § 1407, seeking centralization of this litigation in the Eastern or Western District of Louisiana, the District of Minnesota or the Southern District of Florida for coordinated or consolidated pretrial proceedings. Responding parties agree that centralization is appropriate, but suggest alternative transferee districts. Defendant Pfizer Inc. (Pfizer) suggests the Southern District of New York, while plaintiff in the Puerto Rico potential tag-along action suggests the District of Puerto Rico, as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on an alleged risk of non-anteritic anterior ischemic optic neuropathy from taking Viagra and whether Pfizer knew of this risk and failed to disclose it to the medical community and/or consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of constituent and potential tag-along actions, it is clear that any one of a number of districts would be an appropriate transferee forum for this litigation. By centralizing this litigation in the District of Minnesota before Judge Paul A. Magnuson, we are assigning this litigation to a jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation.

SCANNED
JAN 3 0 2006
U.S. DISTRICT COURT MPLS

---

[1] The Panel has been notified that six potentially related actions are pending as follows: one action each in the Northern District of Alabama, the Northern District of Indiana, the Western District of Missouri, the District of Puerto Rico, the Southern District of Texas and the Eastern District of Wisconsin. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

## Schedule A

MDL-1724 -- In re Viagra Products Liability Litigation

District of Arizona

*William Dougherty v. Pfizer, Inc.*, C.A. No. 2:05-1854

Middle District of Florida

*David Hall v. Pfizer, Inc.*, C.A. No. 6:05-667

Southern District of Florida

*Arthur Sokol v. Pfizer, Inc.*, C.A. No. 9:05-80750

District of Minnesota

*Robert Campen v. Pfizer, Inc.*, C.A. No. 0:05-1874

District of New Jersey

*Charles J. Sansone v. Pfizer, Inc.*, C.A. No. 1:04-3548

Eastern District of North Carolina

*Jimmy Grant v. Pfizer, Inc.*, C.A. No. 4:05-73

Southern District of Texas

*James Thompson v. Pfizer, Inc.*, C.A. No. 4:05-1985