UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Viagra® Products Liability Litigation          MDL No. 1724

This Order Relates to **ALL ACTIONS**          **ORDER REGARDING DIRECT FILING OF CASES INTO THIS COURT**

This Order shall govern all cases transferred to this Court by the Judicial Panel on Multi-District Litigation, pursuant to its January 26, 2006 Order; any actions subsequently transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to Rule 7.4 of the Rules of Procedure for the Panel; and all related cases originally filed in this Court or transferred or removed to this Court.

**A.     Direct Filing of New Federal Cases into MDL No. 1724**

To promote judicial efficiency and to eliminate the delays associated with transfer of cases filed in or removed from other federal district courts to this Court, Defendant Pfizer has agreed that it will not assert any objection of improper venue pursuant to Federal Rule of Civil Procedure 12(b) as to any Viagra®-related cases filed directly in the District of Minnesota that emanate from districts outside the District of Minnesota and that would appropriately be included in this multi-district litigation.

**B.     Waiver of Pro Hac Vice Requirements**

The parties have agreed to permit attorneys, who are not admitted to regular practice before this Court, to file cases related to this litigation directly, without the necessity of

associating local counsel admitted to practice in this District.

Based on the foregoing agreements, **IT IS HEREBY ORDERED** that:

1. A plaintiff asserting Viagra®-related claims may file a complaint against Defendant Pfizer directly in the District of Minnesota rather than in a federal district court affording proper venue.

2. Upon the completion of all pretrial proceedings applicable to a case directly filed before this Court, and upon a stipulation of venue or a motion seeking change of venue pursuant to 28 U.S.C. § 1404, the Court will transfer that case to a federal district court of proper venue as defined in 28 U.S.C. § 1391. This provision shall not be construed as a waiver of any party's contention that venue is improper in the district to which another party requests remand pursuant to this Order.

3. Any lawyer admitted to practice before any United States District Court anywhere in the United States may file a case related to the above litigation directly in this District without the necessity of associating local counsel. The Court will not require a motion for pro hac vice under such circumstances.

    a. Each lawyer filing such a case shall indicate the courts before which he or she is admitted by including an attachment to the complaint labeled "List of United States Federal Courts to which Counsel for Plaintiff is Admitted." In addition, the following certification shall be included under the listing of courts before which counsel is admitted: "I hereby

        certify that I am admitted to the preceding United States District Courts and that I have not been disbarred or suspended from practice before any of these Courts or any other United States District Court." Counsel shall sign and date the attachment, thereby affirming the statement. In the event that counsel has been disbarred or suspended from practice before a United States District Court, counsel shall describe in the attachment the circumstances of such disbarment or suspension from practice.

    b.    District of Minnesota Local Rule 83.5(d), which requires a pro hac vice motion for nonresident attorneys to appear before this Court, is waived for such cases.

    c.    The filing of a complaint in this action subjects a lawyer to the Local Rules of the District of Minnesota, particularly including but not limited to Local Rule 83.6.

4.    Each complaint filed under this Order shall make reference to this Order in the complaint.

Dated: July 7, 2006

                                                    s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge