UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Viagra® Products Liability Litigation             MDL No. 1724

This Order Relates to **ALL ACTIONS**            **ORDER REGARDING CONTACT WITH FORMER PFIZER EMPLOYEES**

Based on a stipulation of the parties, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' counsel may initiate contact with any former employee of Pfizer. During the initial contact with a former employee, and before any discussions regarding the facts of the person's employment at Pfizer, Plaintiffs' counsel shall inquire whether the employee had any conversations with any attorney employed by or retained on behalf of Pfizer regarding Viagra®, sildenafil, erectile dysfunction, or non-arteritic anterior ischemic optic neuropathy (NAION) during the period of time they were employed by Pfizer or whether the employee has knowledge of any confidential trade secrets, as defined by the Uniform Trade Secret Act, § 1(4). Should the former employee respond to such question in the affirmative, Plaintiffs' counsel shall not have any further substantive discussions with the former employee until he or she complies with the terms of this Order. If Plaintiffs' counsel desires to resume contact with the former employee, he or she shall, within five business days of the initial contact, provide notice to Lead Counsel for Pfizer by email or facsimile of the name of the former employee with whom counsel had contact.

2.      Pfizer shall have five business days from the date of receipt of notice to object to further contact by Plaintiffs' counsel.  Pfizer's objection shall be given by email or facsimile to Plaintiffs' co-lead counsel and to the counsel who provided the notice to Pfizer.

3.      If Pfizer objects to further communications with the former employee, Plaintiffs' counsel may not contact the former employee for five business days following receipt of the objection.

4.      The parties shall meet and confer concerning Pfizer's objections prior to bringing any dispute to the Court.  If the parties are unable to resolve the dispute, Pfizer may file a motion for protective order with the Court within five business days following its objection.  If Pfizer does not file a timely motion with the Court, Plaintiffs' counsel may continue communications with the former employee.  If Pfizer files a timely motion, Plaintiffs' counsel may not contact the former employee pending resolution of the motion by the Court.  The parties, may on written consent and without leave of Court, extend the time period for Pfizer to file the motion.  In addition, the Court may, for good cause shown, extend such time period.

5.      Notwithstanding any of the above provisions, Plaintiffs' counsel shall not attempt to elicit any trade secret or privileged information during any conversation with a former Pfizer employee.  Any non-public information obtained from any former employee shall be considered "Confidential Information" pursuant to the terms of Stipulated Protective Order issued by the Court on June 28, 2006.  Should Plaintiffs' counsel intend to show the

former employee any materials that have been marked "Confidential" pursuant to that Order, the employee shall sign an Acknowledgment and Agreement to be Bound, as provided in Section V of that Order.

Dated: July 7, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge