**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

In re Viagra Products Liability Litigation	Case No. 06-md-1724

This Order Relates to **ALL ACTIONS**	**SCHEDULING ORDER RELATING TO PHASE II OF DISCOVERY**

On June 30, 2006 and September 25, 2006, the Court issued Scheduling Orders Relating to Phase I of Discovery in this multi-district litigation. Those orders provide that the first phase of discovery in the litigation shall focus solely on the issue of general causation. Thus, except for the completion of fact sheets by all Plaintiffs, all other discovery has been stayed.

The Court anticipates holding a Daubert hearing on the issue of general causation at its earliest convenience after August 15, 2007. (See Sept. 21, 2006 Am. Scheduling Order at 2.) Although the Court has not reached any determination as to the merits of a Daubert motion, the Court wishes to plan now for a possible second phase of litigation, with the expectation that a trial be held approximately fifteen months after a decision on the Daubert motion.

Pursuant to the Court's request, the parties have submitted a proposed schedule for litigation, should the Court deny Pfizer's Daubert motion after Phase I of discovery. Based on that proposal, the following schedule shall govern Phase II of this litigation.

**A.     Discovery Relating to Claims of Minnesota Plaintiffs**

As of the date of this Order, based on information provided to date, there are two cases that were originally filed in the United States District Court for the District of Minnesota by residents of Minnesota: <u>Richard Martin v. Pfizer Inc.</u>, Civil No. 06-1064; <u>Richard Stanley v. Pfizer Inc.</u>, Civil No. 06-1065 (the "Minnesota Plaintiffs").  Should the Court deny Pfizer's <u>Daubert</u> motion, Phase II of discovery shall commence immediately upon entry of the order of such denial (the "Order Entry Date") and proceed only as to the Minnesota Plaintiffs as follows:

1.     All fact discovery, including document production and depositions of the Minnesota Plaintiffs and Pfizer on liability and specific causation issues (<u>i.e.</u>, those issues not addressed during general causation discovery taking place in Phase I of discovery), shall be completed within **4 months** following the Order Entry Date.  The parties' document requests, if any, shall be reasonably tailored to permit document production and depositions to be completed within this time frame.

2.     Minnesota Plaintiffs' liability and case-specific expert reports are to be served no later than **5 months** after the Order Entry Date.

3.     Defendant's liability and case-specific expert reports for the Minnesota Plaintiffs are to be served no later than **6 months** after the Order Entry Date.

4.     Depositions of Minnesota Plaintiffs' liability and case-specific experts are to be completed no later than **7 months** from the Order Entry Date.

5. Depositions of Defendant's liability and case-specific experts for the Minnesota Plaintiffs are to be completed no later than **8 months** from the Order Entry Date.

6. Expert discovery shall conclude **8 months** from the Order Entry Date.

7. Any dispositive motions are to be filed within **2 weeks** of the conclusion of case-specific expert discovery. Opposition briefs are to be filed within **2 weeks** thereafter; reply briefs are to be filed within **1 week** thereafter.

8. Additional deadlines, including in limine motions, exchange of witness and exhibits lists, and a final pre-trial conference shall be scheduled within **8 months** after the Order Entry Date.

**B.   Discovery of Additional Plaintiffs**

For cases that have been filed by non-Minnesotan Plaintiffs, transferred to this multi-district litigation, and for which facts sheets have been completed, all fact discovery, including document production and depositions on liability and specific causation issues (i.e., those issues not addressed during general causation discovery taking place in Phase I of discovery), shall be completed within **8 months** of the completion of trial on the Minnesota Plaintiffs' claims. The parties' document requests, if any, shall be reasonably tailored to permit document production and depositions to be completed within this time frame.

Dated: January 24, 2007                              s/ Paul A. Magnuson
                                                                    Paul A. Magnuson
                                                                    United States District Court Judge