**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re Viagra Products Liability Litigation Case No. 06-md-1724

This Order Relates to **ALL ACTIONS** **ORDER RELATING TO THE**
 **TAKING OF DEPOSITIONS**

On June 30, 2006, the Court directed the parties to meet and confer regarding a deposition protocol for fact and expert witnesses. (See Docket No. 38.) The parties have now jointly submitted a proposed case management order to govern all depositions taken within this multi-district litigation. Based on the joint submission and as a supplement to the parameters set forth in the June 30, 2006 Scheduling Order, **IT IS HEREBY ORDERED** that the parties will conduct the depositions in accordance with the following provisions:

**I. All Depositions**

All fact and expert depositions shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the District of Minnesota, except as provided in the Scheduling Order or provided herein.

 **A. Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents. All disputes regarding the scope or conduct of depositions shall be resolved pursuant to Federal Rules of Civil Procedure and the Local Rules of the District of Minnesota.

 **B. Scheduling**

Absent an agreement between the parties or an order of the Court, depositions will be

noticed twenty-five (25) calendar days in advance of the date on which the deposition is to take place. Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places.

    **C.**    **Location**

Unless otherwise agreed to by the parties, depositions shall take place where practical in the city or town of the deponent's place of business or, if not practical, in a convenient city near the deponent's place of business.

    **D.**    **Deposition Notices**

In addition to the information required by the applicable Rule, each deposition notice shall include the name, if known, of the primary and follow-up examiner designated by Lead Counsel for the deposition, as well as the date, time, and place of the deposition.

    **E.**    **Notice of Intent to Attend Depositions**

To make arrangements for adequate deposition space, counsel who intend to attend a deposition should advise Liaison Counsel for the noticing party at least three (3) business days prior to the deposition, whenever feasible.

    **F.**    **Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled, or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between Lead Counsel for Plaintiffs, the primary examiner, the attorney representing the opposing party and the witness, or by leave of the Court for good cause.

**G.     Attendance**

Unless otherwise permitted by Federal Rules of Civil Procedure 26(c), depositions may be attended by counsel of record, members and employees or agents of their firms, attorneys specially engaged by a party for purposes of the deposition,[1] the parties or the representative of a party, court reporters, videographer, deponent, and counsel for the deponent.  Additional persons who do not fall within any of the categories set forth in the previous sentence may attend a deposition only upon consent of the parties or upon order of the Court for good cause shown.  While the deponent is being examined about any Confidential Document, or confidential information contained therein, persons to whom disclosure is not authorized under the Stipulated Protective Order shall be excluded from the deposition.

**H.     Documents**

       1.     <u>Potential Deposition Exhibits</u>

Parties will disclose to the deponent's counsel at least five (5) business days before a deposition the documents they reasonably expect to use during examination.  As with issues regarding the length of depositions, the Court expects that if a party fails to disclose documents, the parties will make a good faith effort to agree how to proceed with the deposition before coming to the Court for resolution.

       2.     <u>Production of Documents</u>

---

[1]     Any specially engaged attorneys would be bound by all Orders entered by the Court, including the Stipulated Protective Order.

Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before the scheduled deposition. Depending on the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences, and therefore the production of documents should occur at least seven (7) calendar days before the scheduled deposition.

### 3. Protective Order

A copy of the Stipulated Protective Order (Docket No. 41) shall be provided to the deponent before the deposition commences if the deponent may be asked about documents that may contain confidential information. A deponent who does not sign and agree to the Stipulated Protective Order may be shown confidential information only upon consent of the parties or upon order of the Court for good cause shown, and upon a written agreement that he/she (1) may not make copies of any of the documents, (2) may not disclose the information beyond the parties involved in the litigation, and (3) must return the documents to counsel after the litigation need for the documents has passed.

### 4. Marking of Deposition Exhibits

To the extent feasible, Lead Counsel shall establish a Master Deposition Document List identifying each document to be used in the direct examination of deponents by standardized numbering. All copies of the same documents used as deposition exhibits should ordinarily be referred to by this standard identification system.

**I.     Conduct**

    1.     <u>Length of Direct Examination</u>

Examination by the party noticing the deposition shall be no more than seven (7) hours of actual examination, absent agreement or further order of this Court upon a showing of good cause. However, the Court expects that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven (7) hours to complete shall be scheduled, to the extent possible, consistent with the witness's schedule, for sufficient consecutive days for completion.

    2.     <u>Examination</u>

As provided in Paragraph A.2.e. of the June 30, 2006 Scheduling Order, the primary examiner will proceed first with questioning and may be followed by one follow-up examiner, who may examine the witness, but not duplicate any questioning by the primary examiner. Except upon order of the Court for good cause shown, no additional examination by any other attorney representing any individual Plaintiffs may be conducted. Counsel designated as the primary and follow-up examiner shall make reasonable efforts to coordinate with all other counsel whose interests they represent and to conduct the areas of examination and ask specific questions suggested. Non-questioning counsel are encouraged to coordinate with questioning counsel in advance and to submit proposed questions or lines of questioning in advance.

    3.     <u>Objections and Directions Not to Answer</u>

All objections are preserved except for objections to the form of the question, privilege, and responsiveness of the answer. No other speaking objections will be allowed. Counsel shall otherwise comply with all aspects of Federal Rules of Civil Procedure 30(d) regarding the posing of objections. No objection shall be expressed in language that suggests an answer to a deponent. Counsel shall refrain from engaging in colloquy during depositions. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. In connection with an objection to the form of the question, the examiner may inquire as to the grounds for the objection in order to allow the interrogator to amend the question. Counsel shall not direct or request a witness not to answer a question unless consistent with the Federal Rules of Civil Procedure.

    4.    Private Consultation

Private conferences between deponents and their attorneys are improper while a question is pending, except for the purpose of determining whether a privilege should be asserted.

    5.    Conduct in Deposition Room

There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted. Counsel shall recess from time to time during the deposition to allow opportunities for eating outside of the deposition room, as reasonably requested by any of the designated principal examining attorneys, the deponent or deponent's counsel.

  6. <u>Evidentiary Form of Questions</u>

In the event either party seeks to use at any trial the deposition testimony of any witness offering an expert opinion, the parties agree not to raise at such deposition or trial the objection that the question asked or the answer given regarding such expert opinion does not conform to the standard of proof required by the jurisdiction whose law would control the case being tried.  This provision will apply to circumstances mimicking the following example:  if one jurisdiction requires an opinion to be expressed to a "reasonable degree of certainty," the Defendants shall not object to an opinion given to a "reasonable degree of probability."

**J.** **Videotaped Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Federal Rules of Civil Procedure 30(b)(2) and (3) subject to the following rules:

  1. <u>Real-time Feed</u>

All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

  2. <u>Video Operator</u>

The operator(s) of the videotape recording equipment shall be subject to the provisions of Federal Rules of Civil Procedure 28(c).  At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. <u>Attendance</u>

Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. <u>Standards</u>

Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

5. <u>Filing</u>

The operator shall preserve custody of the original videotape in its original condition until further order of the Court. No part of the video or audio record of a videotaped deposition shall be released or made available to any member of the public unless authorized by the Court.

**K.    Telephone Depositions**

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within ten (10) calendar days after such

notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent.

### L.   Correction and Signing Depositions

The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition. The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746. If no corrections are made within sixty (60) days after completion of the deposition, the transcript will be deemed accurate.

## II.   Additional Parameters Applicable to Expert Depositions

### A.   Expenses, Fees and Other Charges

Each party shall bear the expense, fees or other charges of its own expert incurred in connection with the expert's deposition.

### B.   Production of Documents

Each expert witness to be deposed shall produce to the party taking the deposition only non-public materials identified in their written Rule 26 reports (or as otherwise required

by Rule 26 of the Federal Rules of Civil Procedure) on or before (7) days prior to the date the expert's deposition is to commence.

Dated: February 27, 2007

                                                   s/ Paul A. Magnuson
                                                   Paul A. Magnuson
                                                   United States District Court Judge